SETH R. ROBINS, RESPONDENT, *v.* ANDREW ACKERLY, APPELLANT.

*Limits of the town of Huntington — right of the town to lease lands for oyster beds.*

The harbor of Northport lies within the limits of the town of Huntington.
Under its charter, the said town has the right to lease the lands under the waters of the said harbor, to be used for the purpose of planting and raising oysters.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of the action by the court without a jury.

The action was brought for a trespass alleged to have been committed in the taking up and interfering with the plaintiff's oysters, which were planted on land lying under the waters of Northport harbor, in the town of Huntington, Suffolk county.

*Thomas J. Rich*, for the appellant.

*Thomas Young*, for the respondent.

BARNARD, P. J.:

The case of *Lowndes* v. *Dickerson* (34 Barb., 586) does not determine this case. The plaintiff, by lease or permit of the town of Huntington, has planted oysters under the waters of Northport harbor. The defendant has interfered with the plaintiff's oysters, and the same question is presented which was presented in that case. In the discussion of the case, the court concluded that the harbor of Northport was not within the limits of the town of Huntington, and that, if it was, the grant from the crown, which was subsequently ratified by the Colonial and State authorities, was

involved; and that the right of fishery in the harbor was of common right, and was held by the crown for the benefit of all the people.

Since the decision of that case, the court of appeals has held that the crown could grant the town, as such, the right of fishery within its borders. (*Trustees of Brookhaven* v. *Strong*, 60 N. Y., 56.)

Whatever may have been the proof in the case of *Lowndes* v. *Dickerson*, in this case the proof seems clear that the bay or harbor in question is within the limits of Huntington.

The northerly boundary of the town is the sound. Northport harbor is landlocked, and is not an indentation of the sound, but is a body of water communicating by a narrow neck with Huntington harbor, which is an indentation of the sound. The words of the grant to the town includes "all havens, harbors, creeks, quarries, woodlands, meadows, pastures, marshes, lakes, fishing, hawking, hunting and fowling." Galon's neck, a strip of land, is north of this harbor, so that the northern boundary of Huntington includes the Northport harbor. There is, in addition, proof that the trustees of Huntington have, from time immemorial, treated the harbor in question as belonging to the town. They have regulated and controlled the fishing and shooting in its waters.. They have prevented others than the inhabitants of the town from fishing therein. They have leased rights for marine race-ways in all parts of the harbor. The principles established in *Rogers* v. *Jones* (1 Wend., 237), and in *Trustees of Brookhaven* v. *Strong* (60 N. Y., 56), brings this harbor within the bounds of the town of Huntington, and the grant to the town was legal. The town has, by the charter, the right to lease the land under the water, and the exercise of the right is beneficial. The supply of oysters cannot be kept up by allowing free fishing therefor; careful husbandry and protection must be resorted to. The oyster must be planted, remain undisturbed while growing, and carefully taken up at proper times and by proper methods.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; GILBERT, J., not sitting

Judgment affirmed, with costs.